# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DENISE O'CONNOR,**
**Claimant Below, Petitioner**

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0310**  (BOR Appeal No. 2050861)
(Claim No. 2014015546)

**ST. MARY'S MEDICAL CENTER**
**HOME HEALTH SERVICES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Denise O'Connor, by Edwin Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. St. Mary's Medical Center Home Health Services, LLC, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 3, 2016, in which the Board affirmed a September 24, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 21, 2015, decision denying a request for authorization of additional temporary total disability benefits from July 18, 2014, through January 12, 2015. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. O'Connor was injured on November 1, 2013, while assisting a patient during the course of her employment as a registered nurse. On November 4, 2013, a Report of Injury was completed. The Report of Injury indicated that Ms. O'Connor sustained a neck sprain and unspecified sprain of her shoulder/arm.[1] Following a successful manipulation of her left shoulder

---

[1] An Order holding the claim compensable was not introduced into evidence.

1

under anesthesia, Ms. O'Connor was released to return to work beginning on June 23, 2014, by Charles Giangarra, M.D., her orthopedic surgeon.

Subsequently, Ms. O'Connor sought treatment with Paul Ferguson, M.D., who noted on July 18, 2014, that she was complaining of neck pain, headaches, and limb pain. Dr. Ferguson noted that Ms. O'Connor reported that she has been experiencing neck pain, headaches, and left upper extremity pain for an extended amount of time, but noticed an increase in her symptoms following a C3-4 fusion performed in 2009. He also noted the presence of disc disease at C4-5 and opined that she suffers from cervical dystonia, which he further opined is likely the cause of her current symptoms.

On September 17, 2014, the claims administrator closed Ms. O'Connor's claim on a temporary total disability basis based upon its finding that she was released to return to work in June of 2014.[2] On November 6, 2014, Dr. Ferguson completed a temporary total disability benefits reopening application in which he listed Ms. O'Connor's current diagnoses as cervical radiculopathy resulting from a disc bulge, cervical dystonia, cervicogenic headaches, and a disc bulge.[3] Dr. Ferguson indicated that Ms. O'Connor was temporarily totally disabled from July 18, 2014, through January 12, 2015. On January 21, 2015, the claims administrator denied Dr. Ferguson's request to reopen the claim for further consideration of temporary total disability benefits. Following the claims administrator's decision, Ms. O'Connor was deposed on January 22, 2015. She testified that following the injury, she returned to work on June 17, 2014, but was unable to continue working as a result of severe neck pain.

In its Order affirming the January 21, 2015, claims administrator's decision, the Office of Judges held that Ms. O'Connor failed to demonstrate that she sustained an aggravation or progression of her compensable injury, and has also failed to introduce a fact or facts not previously considered, which would entitle her to a reopening of her claim for further

---

[2] The Office of Judges affirmed the claims administrator's decision on April 10, 2015. The Board of Review affirmed the Order of the Office of Judges on October 27, 2015. In *Denise O'Connor v. St. Mary's Medical Center Home Health Services, LLC,* No. 15-1127 (W.Va. Supreme Court, October 26, 2016)(memorandum decision), we affirmed the Board of Review's October 27, 2015, Order.

[3] Dr. Ferguson also submitted a diagnosis update request on November 6, 2014, in which he requested that the diagnoses of cervical dystonia, cervicogenic headaches, and cervical radiculopathy be added as compensable diagnoses. There is a handwritten note in the margin of the diagnosis update request indicating that the primary diagnosis is a disc bulge. On November 21, 2014, the claims administrator denied Dr. Ferguson's request to add cervical dystonia, cervical radiculopathy, and cervicogenic headaches as compensable diagnoses. The claims administrator did not enter a finding regarding the compensability of the disc bulge and Ms. O'Connor did not raise the issue of the compensability of the disc bulge when appealing the November 21, 2014, claims administrator's decision. The Office of Judges also affirmed the November 21, 2014, claims administrator's decision in its April 10, 2015, Order. Additionally, the Board of Review also affirmed the Order of the Office of Judges on October 27, 2015. In Appeal No. 15-1127, we affirmed the Board of Review's October 27, 2015, Order.

consideration of temporary total disability benefits. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated March 3, 2016. On appeal, Ms. O'Connor asserts that the evidence of record demonstrates that she was temporarily totally disabled from July 18, 2014, through January 12, 2015.

The Office of Judges found that Ms. O'Connor's deposition testimony demonstrates that she was unable to continue working solely as a result of cervical spine impairments. Further, the Office of Judges found that the reopening application for temporary total disability benefits was predicated upon complaints associated with the diagnoses of cervical radiculopathy, cervical dystonia, cervicogenic headaches, and a disc bulge. In Appeal No. 15-1127, we affirmed the denial of a request to add those diagnoses as compensable components of the claim. We also affirmed the denial of Ms. O'Connor's request for additional temporary total disability benefits, and found that her request arose from the very non-compensable diagnoses cited in the instant appeal. In Appeal No. 15-1127, we also found that pursuant to West Virginia Code § 23-4-7a (2005), Ms. O'Connor is ineligible for additional temporary total disability benefits because she has been released to return to work, and did return to work, with respect to the compensable injury. Finally, we note that Ms. O'Connor has failed to submit any evidence not considered by this Court in our prior decision.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker